CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102-3495
  Telephone: (415) 436-7200
  FAX: (415) 436-6748
  kelsey.helland@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING, <br><br> Plaintiff, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. CUSTOMS AND BORDER PROTECTION, <br><br> Defendants. | CASE NO. 3:26-cv-02414-AGT <br><br> **DEFENDANTS' ANSWER TO COMPLAINT** |

ANSWER
3:26-CV-02414-AGT                                          1

Defendants U.S. Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection ("CBP") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the Complaint filed on March 19, 2026, by Plaintiff The Center for Investigative Reporting ("Plaintiff" or "CIR"), as follows:

**ANSWER AND DEFENSES**

Defendants respond to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent any allegation is not explicitly admitted herein, it is denied. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are correctly cited or quoted by Plaintiff, are relevant to this or any other action, or are admissible in this or any other action. Without waiving any defenses or objections, and in response to the numbered paragraphs in Plaintiffs' Complaint, Defendants answer as follows:

**INTRODUCTION[1]**

1. The allegations contained in paragraph 1 constitute Plaintiff's characterization of this action brought pursuant to the Freedom of Information Act ("FOIA") and its requested relief, to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to bring this action under FOIA and deny the remaining allegations of paragraph 1.

2. The allegations contained in paragraph 2 consist of Plaintiff's characterization of its Complaint and requested relief under the FOIA, to which no responses are required. To the extent a response is deemed required, Defendants admit that Plaintiff made a request under the FOIA and otherwise deny the allegations in paragraph 2.

3. This paragraph cites to allegations made in various "reports." Defendants respectfully refer the Court to reports themselves for a complete and accurate statement of their contents. Plaintiffs'

---

[1] For ease of reference, Defendants' Answer replicates the headings contained in the Complaint. Defendants believe that no response is required to such headings. To the extent these headings and titles are construed to contain factual allegations where a response is deemed required, such allegations are denied.

ANSWER
3:26-CV-02414-AGT                                                2

characterizations of the reports do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is required, Defendants are without sufficient information to either admit or deny the allegations of paragraph 3, and consequently deny the same.

4.      This paragraph consists of Plaintiff's characterization of requested records in a separate FOIA litigation, made by a separate FOIA requester, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the requests themselves for a complete and accurate statement of their contents and deny any allegations inconsistent with the text of the requests.

5.      The allegations in paragraph 5 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants respectfully direct the Court to the provisions of the FOIA, deny all allegations inconsistent therewith, and deny that Defendants are in violation of the FOIA.

6.      The allegations in paragraph 5 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants respectfully direct the Court to the provisions of the FOIA, deny all allegations inconsistent therewith, and deny that Defendants are in violation of the FOIA.

7.      This paragraph asserts Plaintiff's request for relief to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief at all.

## JURISDICTION

8.      The allegations in this paragraph consist of legal conclusions regarding jurisdiction, to which no response is required.  To the extent that a response is deemed required, Defendants only admit that this Court has jurisdiction subject to the terms and limitations of the FOIA and pursuant to 28 U.S.C. § 1331.

## VENUE AND INTRADISTRIC ASSIGNMENT

9.      This paragraph consists of Plaintiffs' legal conclusion regarding venue, to which no response is required.  To the extent a response is deemed required, Defendants admit that 5 U.S.C. § 552(a)(4)(B) governs venue in actions brought pursuant to FOIA, and lack information sufficient to

form a belief of the truth of the allegations of Plaintiff's principal place of business, and on that basis deny.

10.     This paragraph consists of Plaintiff's legal conclusion regarding assignment, to which no response is required.  To the extent a response is deemed required, Defendants lack information sufficient to form a belief of the truth of the allegations of Plaintiff's principal place of business, and on that basis deny.

## PARTIES

11.     The allegations contained in this paragraph consist of Plaintiffs' factual assertions regarding their place of business, organizational structure and stated mission, to which no response is required.  To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis deny.

12.     Defendants admit that ICE is an agency of the United States government.  The remaining portion of this paragraph consists of Plaintiff's characterization of the records it alleges are within ICE's possession, to which no response is required.  To the extent a response is deemed required, Defendants are without sufficient information to either admit or deny the remaining allegations of paragraph 12, and consequently deny the same.

13.     Defendants admit that CBP is an agency of the United States government.  The remaining portion of this paragraph consists of Plaintiff's characterization of the records it alleges are within CBP's possession, to which no response is required.  To the extent a response is deemed required, Defendants are without sufficient information to either admit or deny the remaining allegations of paragraph 13, and consequently deny the same.

## BACKGROUND

**A.     ICE and CBP conduct deportation operations in the Minneapolis area.**

14.     The allegations contained in this paragraph do not set forth claims for relief or aver facts in support of a claim under the FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

15. The allegations contained in this paragraph do not set forth claims for relief or aver facts in support of a claim under the FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

16. The allegations contained in this paragraph do not set forth claims for relief or aver facts in support of a claim under the FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

17. The allegations contained in this paragraph do not set forth claims for relief or aver facts in support of a claim under the FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

18. The allegations contained in this paragraph do not set forth claims for relief or aver facts in support of a claim under the FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**1.    ICE agent fatally shoots Renee Good**

19. The allegations contained in this paragraph do not set forth claims for relief or aver facts in support of a claim under the FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

20. The allegations contained in this paragraph do not set forth claims for relief or aver facts in support of a claim under the FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

21. The allegations contained in this paragraph do not set forth claims for relief or aver facts in support of a claim under the FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

22. The allegations contained in this paragraph do not set forth claims for relief or aver facts in support of a claim under the FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**2.    ICE agent fatally shoots Alex Pretti**

23.    The allegations contained in this paragraph do not set forth claims for relief or aver facts in support of a claim under the FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

24.    The allegations contained in this paragraph do not set forth claims for relief or aver facts in support of a claim under the FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

25.    The allegations contained in this paragraph do not set forth claims for relief or aver facts in support of a claim under the FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

26.    The allegations contained in this paragraph do not set forth claims for relief or aver facts in support of a claim under the FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

27.    The allegations contained in this paragraph do not set forth claims for relief or aver facts in support of a claim under the FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

28.    The allegations contained in this paragraph do not set forth claims for relief or aver facts in support of a claim under the FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

29.    The allegations contained in this paragraph do not set forth claims for relief or aver facts in support of a claim under the FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**B.    The agencies frequently record their deportation operations.**

30.    The allegations contained in this paragraph do not set forth claims for relief or aver facts in support of a claim under the FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  With respect to the ICE Directive 19010.3: Body Worn Camera, Defendants respectfully refer the Court to the document for a full and accurate statement of its contents and deny all allegations inconsistent therewith.

31.    The allegations contained in this paragraph do not set forth claims for relief or aver facts in support of a claim under the FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

32.    The allegations contained in this paragraph do not set forth claims for relief or aver facts in support of a claim under the FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

33.    The allegations contained in this paragraph do not set forth claims for relief or aver facts in support of a claim under the FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**C.    CIR requests public records from ICE and CBP relating to agency operations in Minnesota.**

**1.    CIR requests records from CBP relating to the shooting deaths of Renee Good and Alex Pretti.**

34.    Defendant CBP admits that Plaintiff submitted a FOIA request to Defendant CBP on or about January 26, 2026.  Defendant avers that the request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

35.    This paragraph consists of Plaintiff's description of its FOIA request which no response is required.  To the extent a response is required, Defendant CBP admits that Plaintiff submitted a FOIA request to Defendant CBP on or about January 26, 2026.  Defendant CBP avers that the request speaks for itself, respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith

36.    This paragraph consists of Plaintiff's description of the Defendant's acknowledgement letter to which no response is required.  To the extent a response is required, Defendant CBP admits that Defendant CBP sent Plaintiff an acknowledgment letter on or about March 4, 2026, and it invoked the unusual circumstances extension.  Defendant CBP avers that the letter speaks for itself, respectfully refers the Court to a copy of that letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith

ANSWER
3:26-CV-02414-AGT                                        7

37.     Defendant CBP admits that as of the date of the Complaint, Defendant CBP has not issued a final response with regard to Plaintiff's January 26, 2026, FOIA request.

**2.     CIR requests records from CBP and ICE relating to deportation operations in Minnesota between January 8 and January 27.**

38.     Defendants admit that they received FOIA requests from Plaintiff on or about January 27, 2026.  Defendant ICE assigned the request it received ICE FOIA request number 2026-ICFO-14187.  Defendants aver that the requests speak for themselves, respectfully refer the Court to copy of those requests for a complete and accurate statement of their contents, and deny any allegations inconsistent therewith.

39.     Defendant CBP admits that as of the date of the Complaint, Defendant CBP has not issued a final response with regard to Plaintiff's January 27, 2026, FOIA request.  Defendant ICE admits that, as of the date of the Complaint, the FOIA requests are still being processed.  Defendants deny any allegations that they have violated the FOIA.

## CAUSE OF ACTION

### Count I – Declaratory and Injunctive Relief

### (Violation of FOIA, 5 U.S.C. § 552)

40.     Defendants reallege and incorporate by reference their responses to paragraphs 1–39 above as if fully set forth herein.

41.     The allegations in paragraph 41 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant admits that Plaintiff submitted FOIA requests to Defendant on or about January 26, 2026, and January 27, 2026.  Defendants respectfully direct the Court to the provisions of the FOIA and deny all allegations inconsistent therewith.

42.     Defendants admit that they are agencies subject to the FOIA. The remaining allegations in paragraph 42 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants respectfully direct the Court to the provisions of the FOIA and deny all allegations inconsistent therewith.

43.     Defendants admit that, due to the funding lapse, no public records responsive to Plaintiff's FOIA requests have been produced to date.

44.    The allegations in paragraph 44 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 44.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint contains Plaintiffs' request for relief to which no response is required.  To the extent a response is deemed necessary, Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.  Any allegation contained in Plaintiff's Complaint that has not been admitted or denied is hereby denied.

## AFFIRMATIVE DEFENSES

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of this litigation.  Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

The Complaint should be dismissed to the extent Plaintiffs failed to exhaust administrative remedies, including, but not limited to, by failing to administratively appeal a final determination by any Defendant, by failing to administratively appeal certain aspects of any such final determination, and/or or by prematurely filing an administrative appeal.

## SECOND DEFENSE

Any information that Defendants has withheld, or will withhold, in response to Plaintiffs' FOIA requests may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C. § 552 *et seq.*, and the Privacy Act, 5 U.S.C. § 552(a), *et seq.*  Plaintiffs are not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusion to FOIA, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.  Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.  Defendants are entitled to invoke all exemptions and other defenses available under the FOIA and the Privacy Act.

ANSWER
3:26-CV-02414-AGT                                        9

**THIRD DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief to the extent those requests exceed the relief authorized under the FOIA. *See* 5 U.S.C. § 552. Any relief is limited to that provided for in 5 U.S.C. § 552(a)(4)(B).

**FOURTH DEFENSE**

At all times alleged in the Complaint, Defendants acted in good faith, with justification, and pursuant to authority, and exceptional circumstances that necessitate additional time for Defendants to process Plaintiffs' FOIA requests.

**FIFTH DEFENSE**

Plaintiffs are not entitled to attorneys' fees or costs.

**SIXTH DEFENSE**

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this or any other action; or (c) are admissible in this or any other action.

**SEVENTH DEFENSE**

Plaintiffs' FOIA requests do not reasonably describe the records sought, and therefore do not comply with the FOIA and/or does not trigger a search or production obligation. Plaintiffs' FOIA requests are not enforceable under the FOIA to the extent a reasonable search cannot be undertaken to identify and locate all responsive records. The requests, or subparts thereto, also are invalid to the extent they are in the nature of a direction to an agency to conduct a search using specified search terms, or otherwise seek to impose obligations on the agency not required by FOIA.

**EIGHTH DEFENSE**

The FOIA does not authorize the injunctive relief requested.

**NINTH DEFENSE**

There is no provision in the FOIA for obtaining declaratory relief.

**TENTH DEFENSE**

The Court lacks jurisdiction over any matter to the extent Plaintiffs have failed to satisfy prerequisites to suit, as well as over any requests or allegations that are not contained in the FOIA request at issue in this action.

**ELEVENTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

**TWELTH DEFENSE**

Defendants may have additional defenses which are not known at this time, but which may become known.  Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

//

ANSWER
3:26-CV-02414-AGT                                                11

**WHEREFORE**, having fully answered, Defendants respectfully request this Court to: (1) dismiss the Complaint with prejudice and order that Plaintiff take nothing and is granted no relief; (2) enter judgment in favor of Defendants; (3) award Defendants costs and disbursements incurred in defending this matter; and (4) grant such further relief as the Court deems just and proper.

DATED: April 24, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

_/s/ Kelsey J. Helland_
KELSEY J. HELLAND
Assistant United States Attorney

Attorneys for Defendant

ANSWER
3:26-CV-02414-AGT                                      12