CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-6748
    kelsey.helland@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. CUSTOMS AND BORDER PROTECTION,<br><br>        Defendants. | CASE NO. 3:26-cv-02414-RFL<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT**<br><br>Date:       June 17, 2026<br>Time:      10:00 a.m.<br>Location:  Zoom videoconference<br>Judge:    Hon. Rita F. Lin |

Plaintiff The Center for Investigative Reporting ("CIR") and Defendants U.S. Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection ("CBP") (collectively, "Defendants"; together with Plaintiffs, the "Parties") respectfully submit this Joint Initial Case Management Statement.  As indicated below, the Parties respectfully request that the Court continue the Case Management Conference to **Wednesday, July 22, 2026**, and order the parties to submit a status update on this case by **Wednesday, July 15, 2026**.

**1.      Jurisdiction and Service**

Plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B).  *See* Dkt. 1 ("Compl.").  This Court has jurisdiction under 28 U.S.C. § 1331.  All parties have been served.  Defendants have answered Plaintiff's Complaint.  *See* Dkt. 9 ("Ans.").  There are no issues pertaining to personal jurisdiction, venue, or service.

**2.      Facts**

This action arises out of three FOIA requests (the "Requests") submitted by Plaintiff to Defendants.  The Requests sought certain recordings from Defendants' operations in Minnesota in January 2026.  *See* Compl. ¶¶ 34-39 & Exs. 1, 3, 4.  Defendants acknowledge receiving the Requests.  *See generally* Ans.

The Parties have initiated discussions to determine whether this dispute can be resolved through a prompt search and orderly production of responsive documents based on an agreed-upon production schedule.

**3.      Legal Issues**

The legal issues in this matter include the timeliness, scope, and nature of Defendants' search for and production of records responsive to Plaintiff's FOIA requests, whether Defendants have met their obligations to Plaintiff under FOIA, and whether Plaintiff is entitled to an award of attorneys' fees and litigation costs.  The Parties will continue to work in good faith to attempt to resolve Plaintiff's claims without intervention from the Court.

**4.      Motions**

There are no prior or pending motions.  If the Parties do not resolve Plaintiff's claims, they anticipate filing cross-motions for summary judgment.  *See Sakamoto v. EPA*, 443 F. Supp.

1

2d 1182, 1188 (N.D. Cal. 2006) ("It is generally recognized that summary judgment is a proper avenue for resolving a FOIA claim."). If the Parties must file cross-motions for summary judgment, they will meet and confer regarding a proposed briefing schedule for such motions.

**5.      Amendment of Pleadings**

Plaintiff intends to amend the Complaint to include an additional FOIA request submitted to ICE that is identical to one of the FOIA requests submitted to CBP and that is ripe for inclusion into this action because (1) ICE has said it intends to refer one part of that request to CBP and (2) through the administrative appeal process, ICE has denied the other part of that request on the basis of a claimed exemption. Plaintiff is working to obtain Defendants' consent to file that amended complaint and, if unsuccessful, will seek the Court's leave to file it. *See* Fed. R. Civ. P 15(a)(2).

**6.      Evidence Preservation**

The Parties have met and conferred under Rule 26 of the Federal Rules of Civil Procedure, and they have agreed to take reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this case.  The Parties do not believe that this case raises significant e-discovery issues.

**7.      Disclosures**

The Parties agree that initial disclosures are not necessary because this is a FOIA action.

**8.      Discovery**

At this time, the Parties do not anticipate conducting discovery because this is a FOIA action.  No discovery has been taken by either Plaintiff or Defendants.

**9.      Class Actions**

This lawsuit is not a class action.

**10.      Related Cases**

The Parties are unaware of any related cases before another judge of this Court.

2

**11.     Relief**

Plaintiff seeks declaratory relief; a full, adequate and expedited search and production of the requested records to Plaintiff; reasonable costs and attorneys' fees; and such further relief as the Court deems just and proper.  Defendants seek a complete defense judgment and dismissal.

**12.     Settlement and ADR**

The Parties are amenable to a settlement conference with a magistrate judge at an appropriate time, but do not believe that the matter is ripe for ADR at this time.  Plaintiff has filed its ADR certification, and Defendants are reviewing the materials necessary to do so.  The Parties will reassess once Defendants determine they have fully responded to the FOIA requests, or if the Parties otherwise determine they have reached an impasse in this litigation.  The Parties will continue to meet and confer regarding potential settlement.

**13.     Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.     Narrowing of Issues**

The Parties have met and conferred to narrow the issues in dispute, and they will continue to do so.  If necessary, the Parties may narrow any issues by stipulation.

**15.     Scheduling**

The Parties anticipate that this matter can ultimately be resolved through a negotiated settlement or, if necessary, by cross-motions for summary judgment.  The Parties submit, however, that setting a further case schedule is premature at the time of the filing of this Joint Case Management Statement.  The Parties are currently negotiating the scope of Defendants' searches and the timing of any productions therefrom.

In light of the foregoing, the Parties respectfully request that the Court continue the Case Management Conference to **Wednesday, July 22, 2026**.  In advance of that Conference, the Parties will continue to meet and confer further regarding production schedules for the documents responsive to the Requests.  The Parties also request that they be ordered to submit a Joint Status

3

Report to the Court, by **Wednesday, July 15, 2026**, advising the Court of the status of Defendants' processing of the Requests and the Parties' proposed next steps at that time.

**Plaintiff's Statement**

Plaintiff requests that the Court order the Parties to include in the July 15 Joint Status Report information advising the Court whether Defendants' have made a final determination about "whether to comply" with the Requests as provided by 5 U.S.C. § 522(a)(6)(A)(i) and, if not, (1) an estimate provided by the defendant of when the agency expects a final determination to be made; (2) a proposed schedule for production of responsive records; and, if appropriate, (3) a proposed schedule for the filing of dispositive motions.

A similar level of detailed information is routinely provided in FOIA cases—early on and on a much more expeditious timeframe (*e.g.*, 14 days from a defendant's answer)—including in cases recently filed actions involving these Defendants. *See, e.g.*, *Dark Mode, LLC v. U.S. Immigration & Customs Enforcement*, No. 25-cv-3357(APM) (D.D.C.) (Dkt. No. 10) (Civil Standing Order requiring parties to submit report, within two weeks of agency's December 30-filed answer, identifying "(1) the status of Plaintiff's FOIA request; (2) the anticipated number of documents responsive to Plaintiff's FOIA request; (3) the anticipated date(s) for release of the documents requested by Plaintiff; (4) whether a motion for a stay is likely under [*Open America*]; and (5) whether the parties anticipate summary judgment briefing and, if so, a proposed briefing schedule) (available at https://storage.courtlistener.com/recap/gov.uscourts.dcd.285136/gov.uscourts.dcd.285136.10.0.pdf). Nonetheless, in response to Plaintiff's request that the Parties be held to provide similar information in the next report in *this* case, Defendants have asserted that "backlog and resources" preclude them from agreeing to provide such information by any certain date. Notwithstanding those concerns, however, ICE has been able to provide detailed updates in cases filed approximately at the same time as this matter. *See Guardian News & Media LLC v. U.S. ICE*, No. 26-cv-00944-ACR (DDC) (Apr. 27, 2026 Minute Order & Dkt. No. 9) (available at https://www.courtlistener.com/docket/72510248/guardian-news-media-llc-v-us-immigration-and-customs-enforcement/).

4

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:26-CV-02414-RFL

Plaintiff's proposed amendment to its Complaint is not a reason not to have the Parties commit, by July 15, to a timeframe to govern this case. As Plaintiff has explained to Defendants, the proposed amendment would simply add to this case a FOIA request submitted to ICE that is substantively the same as the FOIA request to CBP identified in Complaint Ex. 1. ICE referred one part of that request to CBP (because it seeks the same material and ICE referred the matter to CBP), which has presumably already begun searching for responsive materials, and ICE denied the remainder of the FOIA request entirely.

Plaintiff is not asking the Court at this time to set any production deadlines, or even any deadlines for Defendants to completed their search for and/or processing of responsive records. Plaintiff simply asks that the Court instruct the Parties to propose those timeframes in their July 15 report. Setting firm deadlines to identify the scope of the universe of potentially responsive records and how to proceed with this case is the only way to ensure that this matter moves forward on an appropriate timeframe. For that reason, Plaintiff asks that the Court order the Parties to include the detailed information described above in their next report.

**Defendants' Statement**

As the Parties agree, the Joint Status Report the Parties are proposing to submit in approximately one month will include an update on the status of Defendants' processing of the Requests and the Parties' proposed next steps at that time. Defendants have made clear to Plaintiff that Defendants will provide updates on the volume and estimated timeline of processing the records in the meantime, and Defendants are willing to meet and confer about scheduling issues once more information about the volume of potentially responsive records is available. However, there is no good cause to order the next Joint Status Report to include, for example, proposed production and summary-judgment briefing schedules, when it is presently unclear whether the agencies will have been able to evaluate the total volume of responsive records by that time. Indeed, Plaintiff's demand for this court-ordered information is even less appropriate here since, as Plaintiff indicates above, Plaintiff is attempting to amend its Complaint to add claims regarding a fourth FOIA request, to which Defendants would subsequently need to respond. Given that it is presently uncertain even which FOIA requests are at issue in this

5

litigation, much less the scope of potentially responsive records, it is premature to order Defendants to propose production and briefing schedules at this time.

Plaintiff ignores the unique resource constraints Defendants currently face, as well as the uniquely burdensome nature of processing the video records it requested. Defendants were recently subject to a months long lapse of appropriations, which had a dramatic effect on FOIA operations nationwide. The agencies continue to deal with the exceptional backlog from that unprecedented shutdown. And by requesting voluminous videos potentially containing footage of third parties, Plaintiff has requested a category of records that are especially difficult and time consuming to process and review. Plaintiff's citation to standing or minute orders in a pair of District of Columbia cases concerning requests for invoices (*Dark Mode*) and pregnancy-related immigration records (*Guardian News*) provides no compelling reason to prematurely order Defendants to propose a production or briefing schedule for Plaintiff's video requests here.

To be clear, again, Defendants are willing to confer in good faith with Plaintiff as they obtain more information about the volume of responsive records and the estimated timeline for production. But based on the nature of Plaintiff's video-record requests (including their attempt to add a fourth request to this case), the agencies' ongoing backlog stemming from the shutdown, and the as-of-yet uncertain volume of potentially responsive records at issue, Defendants respectfully request that the next Joint Status Report be allowed to contain the agreed-upon updates and proposals, rather than a mandated proposal for a premature production and briefing schedule.

**16.    Trial**

The Parties do not anticipate needing a trial to resolve this FOIA action. The Parties anticipate this matter will be resolved through mutual negotiations or, if required, on cross-motions for summary judgment.

**17.    Disclosure of Non-Party Interested Entities or Persons**

Defendants are not required to file a Certification of Interested Entities or Persons under Civil L.R. 3-15. Plaintiff has filed a Certification of Interested Entities or Persons indicating that there are no interest or conflicts to report. *See* Dkt. 3.

**18.    Professional Conduct**

Counsel for the Parties have reviewed the "Guidelines for Professional Conduct."

**19.    Other Matters to Facilitate the Just, Speedy, and Inexpensive Disposition**

The Parties have agreed to accept service of correspondence and productions electronically.

As indicated above, the Parties respectfully request that the Court continue the Case Management Conference to **Wednesday, July 22, 2026** and order the Parties to submit a Joint Status Report no later than **Wednesday, July 15, 2026**.

Respectfully submitted,

Dated: June 10, 2026

*/s/ Matthew S.L. Cate*
Matthew S.L. Cate (SBN 295546)
matt@matthewcatelaw.com
**Law Office of Matthew S.L. Cate**
101 Montgomery Street, Suite 900
San Francisco, CA 94104
Tel/Fax: 415-964-4400

D. Victoria Baranetsky (SBN 311892)
Brooke Henderson (*pro hac vice forthcoming*)
**THE CENTER FOR INVESTIGATIVE REPORTING**
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 982-2890
Fax: (510) 849-6141
vbaranetsky@cir.org
bhenderson@cir.org

*Attorneys for Plaintiff*

CRAIG H. MISSAKIAN
United States Attorney

Dated: June 10, 2026

*/s/ Kelsey J. Helland*
KELSEY J. HELLAND
Assistant United States Attorney

*Attorneys for Defendants*

7

## **ATTORNEY ATTESTATION**

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/).

*/s/ Kelsey J. Helland*
KELSEY J. HELLAND

8

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:26-CV-02414-RFL