Matthew S.L. Cate (SBN 295546)
matt@matthewcatelaw.com
**LAW OFFICE OF MATTHEW S.L. CATE**
101 Montgomery Street, Suite 900
San Francisco, CA  94104
Tel/Fax: 415-964-4400

D. Victoria Baranetsky (SBN 311892)
Brooke Henderson (*pro hac vice forthcoming*)
**THE CENTER FOR INVESTIGATIVE
   REPORTING**
222 Sutter Street, #600
San Francisco, CA 94108
Telephone: (510) 982-2890
Fax: (510) 849-6141
vbaranetsky@cir.org
bhenderson@cir.org

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **The Center for Investigative Reporting**, <br><br> Plaintiff, <br><br> v. <br><br> **United States Immigration and Customs Enforcement**, *et al.*, <br><br> Defendants. | Case No. 3:26-cv-2414-RFL <br><br> **Joint Status Update** |

Pursuant to the Court's June 11, 2026, Order (*see* Dkt. 16), The Center for Investigative Reporting ("CIR") and Defendants U.S. Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection ("CBP") (collectively, "Defendants"; together with Plaintiffs, the "Parties") respectfully provide this update regarding the content of the July 22, 2026, Joint Case Management Statement.

Plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B). *See* Dkt. 1 ("Compl."). The case arises from three FOIA requests (the

"Requests") submitted by Plaintiff to Defendants.  The Requests sought certain recordings from Defendants' operations in Minnesota in January 2026.  *See* Compl. ¶¶ 34-39 & Exs. 1, 3, 4.  Defendants acknowledge receiving the Requests.  *See generally* Ans. With Defendants' consent, *see* Fed. R. Civ. P. 15(a)(2), Plaintiff will be filing a First Amended Complaint that adds into this action claims arising from a FOIA request CIR submitted to ICE that relates to the subject matter of the Requests.

**Plaintiff's Statement**

Plaintiff's submitted the Requests in January 2026, and this case was filed March 19, 2026. The FOIA requires agencies to make a determination regarding "whether to comply with" a request within 20 business days. *See* 5 U.S.C. § 522(a)(6)(A)(i). The Defendants have not provided the determination required by law and will not agree with Plaintiff to commit to any estimated date for doing so. This position is at odds with both the law and standard practice in FOIA cases. *See, e.g.*, *Dark Mode, LLC v. U.S. Immigration & Customs Enforcement*, No. 25-cv-3357(APM) (D.D.C.) (Dkt. No. 10) (Civil Standing Order requiring parties to submit report, within two weeks of agency's December 30-filed answer, identifying "(1) the status of Plaintiff's FOIA request; (2) the anticipated number of documents responsive to Plaintiff's FOIA request; (3) the anticipated date(s) for release of the documents requested by Plaintiff; (4) whether a motion for a stay is likely under [*Open America*]; and (5) whether the parties anticipate summary judgment briefing and, if so, a proposed briefing schedule) (available at https://storage.courtlistener.com/recap/gov.uscourts.dcd.285136/ gov.uscourts.dcd.285136.10.0.pdf).

Meanwhile, the filing of the amended complaint, to be submitted by July 17, 2026, should not hinder the Defendants' ability to commit to an anticipated timeframe for providing CIR the determinations required by law as to all of the requests at issue. The single FOIA request that is being added to this action was submitted to ICE on January 26, 2026. The agency denied that request in full, ostensibly after conducting the search and review process required by 5 U.S.C. § 552(a)(6)(A)(i), and CIR pursued and exhausted the administrative appeals process as to that request. That request, meanwhile, is nearly identical to a request

CIR submitted to CBP that is already in suit. *See* Compl. ¶¶ 34–36 & Compl. Ex. 1 (request for disclosure of recordings relating to the shooting deaths of Renee Good and Alex Pretti). And, perhaps most importantly, ICE referred half of the request to CBP (which has presumably now been processing it for months) for CBP to process, on the ground that CBP is the custodian of the recordings relating to the Pretti shooting.

In any event, to be clear, Plaintiff is not currently asking the Court to require Defendants to produce records by a given timeframe. Plaintiff is asking only that it order the agencies to commit to a timeframe to complete the processing and response efforts that the FOIA requires to have been completed months ago. Plaintiffs therefore respectfully request that the Court order the parties to file, by August 12, 2026, a status update that (1) advises the Court whether Defendants' have made a final determination about "whether to comply" with the CIR's requests, as provided by 5 U.S.C. § 522(a)(6)(A)(i), and, if not, (2) provides defendants' estimate of when the agency expects a final determination to be made as to those requests; (3) sets a proposed schedule for production of responsive records; and, if appropriate, and (4) a proposed schedule for the filing of dispositive motions. The Court should, accordingly, also continue the case management conference to August 19, 2026.

**Defendants' Statement**

Defendants' searches are nearing completion but remain ongoing at this time.  Defendants currently expect to be able to complete their searches for records responsive to the FOIA requests raised in the initial Complaint within a matter of weeks.  As Defendants have repeatedly explained to Plaintiff, Defendants' ability to provide an estimated date by which productions in this matter will be completed depends on the volume of records returned by the searches, and any estimate provided before the search has been completed would be inherently tentative.  While the Defendants expect to complete their search for responsive records in a matter or weeks, in the event Defendant's searches are not completed by August 12, 2026, the Defendants aver to provide Plaintiff with an anticipated date for the search to be completed at that time.  Following the conclusion of the search, Defendants will provide

Plaintiff with an estimated time frame for the processing of the documents located in the search. The parties will update the court on August 19, 2026.

**LAW OFFICE OF MATTHEW S.L. CATE**

Dated: July 15, 2026

*/s/ Matthew S.L. Cate*
Matthew S.L. Cate

*Counsel for Plaintiff*

CRAIG H. MISSAKIAN
United States Attorney

Dated: July 15, 2026

*/s/ Kelsey J. Helland*
KELSEY J. HELLAND

*Attorneys for Defendants*

**Attorney Attestation**

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/).

*/s/ Matthew S.L. Cate*
Matthew S.L. Cate