# EXHIBIT 5

*Office of the Principal Legal Advisor*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, D.C. 20536

U.S. Immigration and Customs Enforcement

May 11, 2026

Rachel de Leon
PO Box 584
San Francisco, California 94014

**RE: 2026-ICAP-00286, 2026-ICFO- 13569**

Dear Ms. de Leon:

This is in response to your letter dated and received on February 17, 2026, appealing the U.S. Immigration and Customs Enforcement's (ICE) Freedom of Information Act (FOIA) Office's response to your FOIA request dated January 26, 2026, seeking records pertaining to the following:

> all ICE-created or ICE-contracted unedited video and audio recordings related to the below two enforcement events (including but not limited to body-worn camera footage, handheld camera/cell phone recordings, fixed surveillance systems, vehicle-mounted cameras, drone or aircraft footage, and recordings created by ICE Public Affairs or ICE-funded content creators):
>
> 1. January 7, 2026 in Minneapolis, Minnesota on Portland Avenue, which resulted in Renée Good's death
>
> 2. January 24, 2026 in Minneapolis, Minnesota near the intersection of 26th Street West and Nicollet Avenue, which resulted in Alex Pretti's death.

By letter dated February 5, 2026, the ICE FOIA Office advised you that due to the open status of ongoing law enforcement investigations relating to your request, no records will be produced. Therefore, the ICE FOIA Office asserted FOIA Exemption (b)(7)(A) to withhold any records in their entirety. In your most recent correspondence, you appealed the ICE FOIA Office's determination to withhold responsive records under Exemption (b)(7)(A).

With respect to the second part of your request for records related to January 24, 2026, ICE has determined that the U.S. Customs and Border Protection (CBP), another component of the U.S. Department of Homeland Security, is the custodian of the records you seek. Therefore, we are remanding that portion of your appeal to the ICE FOIA Office so that your FOIA request can be referred to CBP for processing.

With respect to the first part of your request for records related to January 7, 2026, the ICE FOIA Office applied FOIA Exemption (b)(7) to protect from disclosure records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings. The premature public disclosure of investigatory records, such as evidence and information contained in the records requested here, would hinder ongoing law enforcement proceedings, and impede necessary investigation prior to final agency actions related to those proceedings. Therefore, ICE has determined that the withholding of records in this case pursuant to FOIA Exemption (b)(7)(A) relating to the first part of your request is proper in all respects.

Please note that once all pending matters are resolved and FOIA Exemption (b)(7)(A) is no longer applicable, these records may be released, subject to withholdings under relevant FOIA Exemptions; however, the date of completion is unknown at this time.

Should you have any questions regarding this appeal decision, please contact ICE at ice-foia@dhs.gov. In the subject line of the email please include the word "appeal," your appeal number, which is **2026-ICAP-00286**, and the FOIA case number, which is **2026-ICFO-13569**.

Sincerely,

James McKeon

*for* Sara Jazayeri
Division Counsel
Government Information Law Division
ICE Office of the Principal Legal Advisor
U.S. Department of Homeland Security

cc: The ICE FOIA Office