CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-6748
kelsey.helland@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

THE CENTER FOR INVESTIGATIVE REPORTING,

Plaintiff,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. CUSTOMS AND BORDER PROTECTION,

Defendants.

CASE NO. 3:26-cv-02414-RFL

**JOINT CASE MANAGEMENT STATEMENT**

Date: August 26, 2026
Time: 10:00 a.m.
Location: Zoom videoconference
Judge: Hon. Rita F. Lin

Plaintiff The Center for Investigative Reporting ("CIR") and Defendants U.S. Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection ("CBP") (collectively, "Defendants"; together with Plaintiffs, the "Parties") respectfully submit this Joint Further Case Management Statement. *See* Dkt. 20.

**1. Amendment of Pleadings**

Plaintiff filed its First Amended Complaint on August 17, 2026, pursuant to the parties' agreement. *See* Dkt. 22 & 23. Under Federal Rule of Civil Procedure 15(a)(3), Defendants' response to the FAC is currently due August 31.

**2. Settlement and ADR**

The Parties are amenable to a settlement conference with a magistrate judge at an appropriate time, but do not believe that the matter is ripe for ADR at this time. The Parties have filed their ADR certifications. The Parties will reassess once Defendants determine they have fully responded to the FOIA requests, or if the Parties otherwise determine they have reached an impasse in this litigation. The Parties will continue to meet and confer regarding potential settlement.

**3. Scheduling**

**A. Production Schedule**

**<u>Defendants' Statement</u>**

Both Defendants have now completed their anticipated searches for responsive records, barring any supplemental searches that may be required if any leads reveal the potential existence of additional records. CBP commits to processing at least 25 minutes of video per month, and ICE commits to processing at least 30 minutes of video per month. At this point, both Defendants expect to commence their productions on October 5th.

For context, Defendants have identified hundreds of videos that may be responsive to Plaintiff's requests, ranging in length from seconds to minutes. Defendants have not yet completed de-duplication of the identified videos, and so the total duration of potentially responsive video cannot yet be determined. Defendants expect to have further information on the

total volume of responsive records, and therefore the total duration of its processing schedule, within the next few weeks.

In light of Defendants' commitments as set forth above, there is no need for the Court to enter an order regarding the processing rate. However, if the Court is inclined to grant Plaintiff's request for a higher processing rate, Defendants respectfully request that that the Parties be given the opportunity to brief the matter, so that Defendants may explain their position—including the agencies' processes for reviewing videos, the limited number of agency staff who possess the specialized training required for such review, the need for those same staff to simultaneously address other FOIA matters, and the agencies' current backlog of FOIA requests—with evidentiary support, including declarations from agency officials with knowledge of these matters. In particular, Plaintiff's assertion that their proposed rate of 60 minutes from each agency per month is "generally in line" with ICE's agreed-to schedule from another case of 30 minutes per month is flatly mistaken. ICE has already agreed to at least 30 minutes of video per month in this case, as set forth above; Plaintiff's request is exactly *double* that previously agreed-to rate. And Plaintiff's assertion that other documents were simultaneously reviewed in that prior case is a *non sequitur*; as Defendants will explain further (if necessary), different staff are involved in reviewing videos and text documents, and the agencies are currently facing significantly more acute staffing constraints than they were when that other schedule was entered over a year ago. Again, however, the Court need not take any action on this issue, as Defendants have already committed to the processing rates set forth above.

**Plaintiff's Statement**

Plaintiff respectfully requests that Defendants each be ordered to process at least 60 minutes of footage per month and to make rolling disclosures of responsive nonexempt footage every 30 days starting October 5, 2026. That production schedule is generally in line with one that ICE agreed to in a recent case in this Court, and in any event one with which it should be able to comply. *See* Joint Production Proposal (Dkt. 23), *Lawyers' Comm. for Civil Rights of the San Francisco Bay Area v. Dep't of Homeland Security, et al.*, No. 3:24-cv-09330-TSH, (N.D. Cal. June 12, 2025). In particular, while simultaneously devoting resources to review and production

of documents in that case, ICE also agreed to review 30-40 minutes of video each month. *See id.* at 3. The agencies in this case, meanwhile, are not reviewing any material other than the requested footage; they should therefore be able to operate at a higher rate of review here. Plaintiff requests that they be ordered to do so. Plaintiff disagrees that the parties need to burden the Court with briefing on this issue, especially given that the agencies are not representing that they *cannot* comply with a 60-minute-per-month pace if ordered to do so.

### B. Dispositive Motions

In light of these developments, the Parties respectfully submit that it is premature to set a schedule for dispositive motions. They propose that the Court vacate the Case Management Conference currently set for August 26, 2026, and set a Further Case Management Conference in approximately three months (*i.e.*, approximately mid-November), at which point the Parties can provide updates on the processed records, the volume of records remaining to be processed, and, if appropriate, a proposed dispositive-motion schedule.

Respectfully submitted,

Dated: August 19, 2026

*/s/ Matthew S.L. Cate*

Matthew S.L. Cate (SBN 295546)
matt@matthewcatelaw.com
**Law Office of Matthew S.L. Cate**
101 Montgomery Street, Suite 900
San Francisco, CA 94104
Tel/Fax: 415-964-4400

D. Victoria Baranetsky (SBN 311892)
Brooke Henderson (*pro hac vice forthcoming*)
**THE CENTER FOR INVESTIGATIVE REPORTING**
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 982-2890
Fax: (510) 849-6141
vbaranetsky@cir.org
bhenderson@cir.org

*Attorneys for Plaintiff*

Dated: August 19, 2026

CRAIG H. MISSAKIAN
United States Attorney

/s/ *Kelsey J. Helland*
KELSEY J. HELLAND
Assistant United States Attorney

*Attorneys for Defendants*

**ATTORNEY ATTESTATION**

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/).

*/s/ Kelsey J. Helland*
KELSEY J. HELLAND