# CIR Exhibit 1

Matthew Cate <matt@matthewcatelaw.com>

---

## Re: [EXTERNAL] Re: CIR v. ICE, No. 26-cv-2414 - Report re Processing

1 message

---

**Matthew Cate** <matt@matthewcatelaw.com> Tue, Nov 10, 2026 at 2:12 PM
To: "Helland, Kelsey (USACAN)" <kelsey.helland@usdoj.gov>
Cc: Celia Muller <cmuller@cir.org>

Hi, Kelsey.

Thanks for this info. A few questions/issues in response:

First, plaintiff would ask the agencies to prioritize processing in response to the first two FOIA requests identified in the amended complaint (i.e., the Jan. 7, 2026 and Jan. 24, 2026 recordings related to the shootings of Renee Good and Alex Pretti). (My recollection is that it may be that only one agency has responsive footage for one date and the other for the other date, but I could be misremembering.)

It's possible that there may be further prioritization within that broader set of recordings if we can get some more info. Specifically: What are the "other types of cameras and devices" that were used to record potentially responsive footage? The FOIA requests identified several potential types of devices, including (1) body-worn camera footage, (2) handheld camera/cell phone recordings, (3) fixed surveillance systems, (4) vehicle-mounted cameras, (5) drone or aircraft footage, and (6) recordings created by the agencies' public affairs divisions or agency-funded content creators. You've mentioned that there is potentially responsive BWC footage. Can you help us understand whether + which other devices may have captured footage--and, if this is not too granular to sort out, how much footage there is per device?

Meanwhile, we've not heard anything from ICE about the types and categories of potentially responsive footage it has. Please confirm whether + when we are going to get that information from ICE.

Separately, on the rate-of-review issue, we intend in tomorrow's update to advise the court that the parties will need to submit the joint five-page letter brief regarding the rate-of-review dispute (as per the Aug. 20 order). My proposal would be that plaintiff would circulate its half of the letter by Monday, Nov. 16, and the agencies would recirculate their half by Friday, Nov. 20, with the final brief to be filed by end of day Monday, Nov. 23 (after the parties make any final revisions/inserts). Please let me know if we can present that as a joint update/request.

Thanks.

--
Matt

**Law Office of Matthew S.L. Cate**
t/f: 415-964-4400 | c: 415-297-7272
www.matthewcatelaw.com

On Tue, Nov 3, 2026 at 3:51 PM Helland, Kelsey (USACAN) <Kelsey.Helland@usdoj.gov> wrote:

> Matt,
>
> CBP has not responded about the training of additional analysts. I know my counterparts there have been asking the CBP FOIA Division about this, but as of yet we do not have an answer.
>
> Regarding the types and sources of recordings: I've been able to confirm that the collected records include both (1) body-worn camera footage, and (2) recordings from other types of cameras and devices. I've also learned that the FOIA Division has received videos from multiple different CBP components. Please let me know if you think plaintiff may be willing to prioritize certain types of recordings or videos

from specific components. I'm not sure but it may also be possible to narrow the focus to videos covering certain more specific time periods, if that would be of interest to plaintiff.

Finally, yes, as the math of CBP's previously proposed schedule dictates, the agency is proposing processing 25 minutes of video per month for approximately the next 31 years. As noted above, we are waiting for more information about whether the agency is planning to train any additional reviewers. However, it's my understanding that any material change in the schedule would require substantially more resources to be allocated to CBP's FOIA Division. Of course, if additional resources are allocated, we could revisit the processing schedule at that time.

Thanks,

Kelsey Helland

Assistant United States Attorney

United States Attorney's Office

Northern District of California

Tel: (415) 436-6488

Kelsey.Helland@usdoj.gov

---

**From:** Matthew Cate <matt@matthewcatelaw.com>
**Sent:** Thursday, October 29, 2026 1:59 PM
**To:** Helland, Kelsey (USACAN) <Kelsey.Helland@usdoj.gov>
**Cc:** Victoria Baranetsky <vbaranetsky@cir.org>
**Subject:** Re: [EXTERNAL] Re: CIR v. ICE, No. 26-cv-2414 - Report re Processing

Hi, Kelsey.

We're still awaiting the information we requested on September 28 about the types & sources of recordings that are potentially responsive so we can see whether we can identify priorities and, if plaintiff deems appropriate, see if there's a way to narrow the universe of potentially responsive material. Please let us know when we can expect to receive that information.

Also, we respectfully disagree that CBP "plainly" proposed a schedule. It identified a potential rate of review--through your initial note below CBP asserted that it "*can* currently process 25 minutes of video per month" without expressly saying that it *would* and without indicating whether that rate of review will ever increase. Regardless, even assuming CBP was committing to 25 minutes/month, CBP's representation leaves for us to assume that it is proposing that the processing of plaintiff's request will continue through most of 2057. Please confirm: Is the processing schedule CBP is proposing in this case 25 minutes/month for the next ~31 years? And is it the agency's position that it cannot do anything near-term to improve that timeline?

Finally: has CBP responded to your question regarding the training of additional analysts to handle video processing?

--

Matthew Cate

**Law Office of Matthew S.L. Cate**

t/f: 415-964-4400 | c: 415-297-7272

www.matthewcatelaw.com

On Fri, Oct 16, 2026 at 10:38 AM Helland, Kelsey (USACAN) <Kelsey.Helland@usdoj.gov> wrote:

Matt,

I am writing in response to your September 28 and October 9 emails below.

Regarding ICE: The agency's FOIA's workload has more than doubled since January 2025, and analysts have myriad other obligations and collateral duties beyond processing records for litigation purposes (such as preparing reports for statistical tracking, responding to or assisting with the response to congressional inquiries, sending out submitter notices, managing litigation consults/referrals from other agencies where records involving ICE equities are at issue, etc.). With the significant increase in FOIA litigation on top of that, ICE FOIA Analysts cannot process records at the higher rates plaintiff requests here, at least not without materially affecting the processing rates / productions in other cases. In short, staffing more analysts on this matter would adversely affect the agency's ability to process the other FOIA requests it is obligated to handle. There is no reason to provide plaintiff's request such special treatment. The "extraordinary circumstances" that justify departing from the agency's standard practices are when a court has ordered it to do so.

Regard CBP: Contrary to your assertion, the agency plainly did propose a schedule, such that the 155 hours of footage would be processed at a rate of 25 minutes per month. The agency would welcome the opportunity to discuss ways to narrow the request so that any material that is of particular interest can be released more quickly. For similar reasons as ICE, the agency cannot agree to increase its processing rate, as doing so would directly and materially impact its ability to process records in other cases. We have a question out regarding whether any additional analysts are currently being trained in video redaction, but even if they were, the zero-sum nature of the staffing situation would remain. Finally, I am informed that CBP anticipates releasing its first production next week.

Thanks,

Kelsey Helland

Assistant United States Attorney

United States Attorney's Office

Northern District of California

Tel: (415) 436-6488

Kelsey.Helland@usdoj.gov

---

**From:** Matthew Cate <matt@matthewcatelaw.com>
**Sent:** Friday, October 9, 2026 3:20 PM
**To:** Helland, Kelsey (USACAN) <Kelsey.Helland@usdoj.gov>
**Cc:** vbaranetsky@cir.org
**Subject:** [EXTERNAL] Re: CIR v. ICE, No. 26-cv-2414 - Report re Processing

Hi, Kelsey.

Following up on this. Please let us know when we can expect to hear back on these questions.

Also, ICE + CBP said in the parties' August 19 case-management statement that they both expected to start making rolling productions on October 5. Plaintiff hasn't yet received anything. Can you let us know where that initial production stands?

Thanks.

--

Matt

**Law Office of Matthew S.L. Cate**

t/f: 415-964-4400 | c: 415-297-7272

www.matthewcatelaw.com

On Mon, Sep 28, 2026 at 5:59 PM Matthew Cate <matt@matthewcatelaw.com> wrote:

> Hi, Kelsey.
>
> Thank you for this information. We have several questions.
>
> First, can the agencies provide information about the types & sources of recordings that are potentially responsive? That may help plaintiff see whether we can identify and propose priorities for the agencies' review and disclosure.
>
> As to ICE: with about 515 videos comprising ~five hours, the potentially responsive video clips average about 35 seconds each. It remains hard to accept that an agency with ICE's level of resources can process video footage at a rate of only 6 hours per year and thus needs about 10 months to complete review these video files (which in my experience small city agencies can complete in well under half the time). In any event, the court's August 20 order

requires ICE to explain "specifically why more staffing cannot be provided." Why can't more staffing be provided? How many ICE employees work in or are assigned to ICE FOIA and are working on compliance with FOIA requests, including those in litigation? Similarly, what are the type of "extraordinary circumstances" in which ICE FOIA chooses to deviate from its standard staffing practices, and in what ways does this case not qualify?

As to CBP, the agency has not identified a "proposed processing schedule" as the court's order required. I assume CBP is not proposing that it will need 31 years (155 hours at a rate of 5 hours/year) to complete review and production. When does it expect to complete review and production? Also, again, the agency needs to explain why more staffing cannot be provided to process the video footage. Given that the agency is involved in 13 FOIA cases in which video is at issue, one would assume that it is training more than just the two of its 34 GISs to handle video review; is that the case, and if so, when will those other GISs be trained and ready to assist? If not, why aren't more GISs being trained to handle compliance with video requests?

--

Matthew Cate

**Law Office of Matthew S.L. Cate**

t/f: 415-964-4400 | c: 415-297-7272

www.matthewcatelaw.com

On Fri, Sep 18, 2026 at 1:26 PM Helland, Kelsey (USACAN) <Kelsey.Helland@usdoj.gov> wrote:

> Matt and Victoria,
>
> I write to convey additional information about the agencies' processing schedules and staffing resources.
>
> First, regarding ICE: ICE has identified approximately 515 videos encompassing about 5 hours of footage. ICE estimates it would take approximately 10 months to complete productions at a processing rate of approximately 30 minutes per month. Regarding staffing, ICE FOIA has assigned one Paralegal Specialist who will serve as the agency's analyst/processor of records, and a Supervisory Paralegal Specialist who will conduct second line review and oversee their direct-report's work product before it is elevated to agency counsel for final review and approval. This is standard practice for ICE FOIA absent extraordinary circumstances. These reflect all the resources the agency can spare per case absent extraordinary circumstances, particularly given the significant uptick in FOIA litigation the agency has seen in the past year, and the multitude of other obligations these analysts have beyond processing records in FOIA litigation (such as handle administrative FOIA requests, overseeing and following up with tasking/searches conducted by other ICE components, reporting obligations, etc.).
>
> Second, regarding CBP: CBP's search in response to Plaintiff's two FOIA requests located over 1000 potentially responsive videos. The potentially responsive videos have an approximate run time of over 155 hours of footage. CBP's FOIA Division can currently process 25 minutes of video per month. Regarding staffing, CBP's FOIA Division currently faces significant resource constraints regarding video processing. CBP's FOIA Division currently employs approximately

thirty-four full-time Government Information Specialists ("GISs"). Of the approximately 34 full-time GISs in the FOIA Division, only two possess the training and technical proficiency to process video footage and apply any necessary redactions. The redaction of video is a highly resource intensive, manual frame by frame process, requiring multiple layers of review. CBP currently has approximately 13 FOIA matters in litigation in which video is responsive to the plaintiff's requests, as well as many administrative requests. These two full-time FOIA GISs are responsible for processing all the video FOIA requests for CBP's FOIA Division, both administrative requests and for matters in litigation

Sincerely,

Kelsey Helland

Assistant United States Attorney

United States Attorney's Office

Northern District of California

Tel: (415) 436-6488

Kelsey.Helland@usdoj.gov